**MINUTE ORDER**

**Strauss v. Credit Lyonnais, 06cv00702 (CPS)(MDG); Wolf v. Credit Lyonnais, 07cv00914 (CPS) (MDG)**

This order recapitulates the findings and rulings made on the record at a conference on April 23, 2009.

1. The Court finds that documents relating to certain blocked transfers are not relevant to any party's claim or defense as the individuals/entities involved in those transactions are not similarly situated to CBSP. Similarly, the Court finds that plaintiffs have not adequately demonstrated, at this juncture, the relevancy of information as to compliance actions taken by defendant Credit Lyonnais with respect to Al Shamal Bank. Accordingly, defendant Credit Lyonnais's motions for a protective order [205, 113] as to the deposition of M. Monbaron are granted, without prejudice to a future motion to compel by plaintiffs; plaintiffs' motions to compel [207, 115] documents relating to certain blocked transfers and to compliance actions taken as to Al Shamal Bank are denied without prejudice.

2. Plaintiffs' motions to compel [206, 114] are granted in part and denied in part as to backup documentation and denied as moot as to the calendars and diaries of Credit Lyonnais employees Rene Wack, Alain Marsat and Michele Delis. As Judge Matsumoto previously found, backup documentation concerning the CBSP account is relevant. However, weighing the burden of production against the probative value of the documentation as to all smaller transactions, no matter how small, for the period sought, the Court finds plaintiffs' request must be limited. Defendant Credit Lyonnais must produce backup documentation for incoming transactions to CBSP's accounts from November 1, 2000 to December 31, 2001. Initially, defendant must produce backup documentation for November 2000 and the parties must then confer on whether to set threshold amounts for production of documents for the remaining time periods. Defendant must produce Mr. Wack's calendars for 2001 and 2002 with personal appointments redacted.

3. Plaintiffs' motions to produce unredacted documents [208, 116] are granted in part and denied in part. The Court finds that the redactions to documents submitted to the Court for in camera inspection consisted of matters not relevant to this case. However, since plaintiffs may not be able to understand the nature and extent of the redactions, Credit Lyonnais must indicate with respect to future documents produced the type of information being redacted, but, in cases of redactions of financial reports and minutes, only the names and other identifying information may be redacted. The parties should confer on whether defendant must provide further explanation of

redactions made on documents already produced in discovery and seek judicial determination if no agreeement can be reached. Defendant Credit Lyonnais must also produce unredacted copies of the tables of contents of policy manuals it has produced.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 24, 2009

                                        ____/s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE