**MINUTE ORDER**

**Strauss v. Credit Lyonnais**, 06cv00702 (CPS)(MDG)
**Wolf v. Credit Lyonnais, 07cv00914 (CPS) (MDG)**

This order elaborates on the summary ruling made on the record at a conference on July 29, 2009 with respect to the plaintiffs' renewed motions to compel (ct. doc. 214 in Strauss and 119 in Wolf) seeking reconsideration of certain orders made at a conference on April 23, 2009 with respect to plaintiffs' earlier motions to compel and defendant's related motion for a protective order. See Strauss (ct. docs. 205, 207) and Wolf (ct. docs. 113, 115).

In their initial motion to compel, plaintiffs sought disclosure of documents relating to two individuals and one entity involved in transactions blocked by defendant: Mohammad Zia, a/k/a Zia, Ahmad ("Zia"), Abdul Majeed, a/k/a NOOR MUHAMMAD, a/k/a NORRO MOHAMMAD, a/k/a Abdul Majid, a/k/a NOOR MUHAMMED, a/k/a Abdul Majid ("Majeed"), and SUPERBA S.A. ("Superba"). See ct. docs. 207 (Strauss), 115 (Wolf). Credit Lyonnais ("CL") blocked these transactions because of suspicions that Zia, Majeed and Superba were involved in terrorism financing transactions. Plaintiffs argued, inter alia, that the documents pertaining to the three blocked transfers could "shed light on CL's contrasting treatment of its customer CBSP" with respect to a blocked transfer of $25,100 from CBSP to El-Wafa Charitable Society ("El-Wafa"), particularly because of an absence of records and deficient recollections of employees. As noted in a minute order summarizing rulings made at the April 23rd conference (the "prior order"), this Court found the documents sought not relevant to the issues in this case. Similarly, this Court denied for lack of relevance plaintiffs' motions to compel disclosure of documents pertaining to Al Shamal Bank, whose account had been closed by CL following news reports that Al Shamal had ties to Osama Bin Laden.

After reviewing the submissions, plaintiffs' renewed motions to compel are denied. What is critical in this case is whether Credit Lyonnais ("CL"), in providing financial services to CBSP and other organizations, knew or had reason to know that those customers supported or had connections to HAMAS, the terrorist organization responsible for the attacks giving rise to the claims in this action. As plaintiffs acknowledge, Zia and Majeed, who are named on a U.S. OFAC list, are alleged to have ties only to Al Qaeda, not HAMAS. Superba is mentioned solely for its role in an attempted transfer to Zia. Nor are the three alleged to have any connection or relationship with CBSP. The two blocked transactions were, in fact, among 20 transactions originating from or destined to CL France that CL Americas blocked between 2000 and 2003 because one of the transacting

parties was on an OFAC list.  In addition, at the time of the
blocking, El Wafa had a name similar but not identical to the
name of an entity on an OFAC list and CBSP was not added to the
OFAC list until 2003.

This Court previously denied the motion to compel because of
critical dissimilarities between the transaction involving CBSP
and the other blocked transactions.  Notwithstanding the
plaintiffs' dissatisfaction with the limited records available
and the deposition testimonies of CL employees or former
employees, this Court remains unpersuaded that the documents
regarding the other blocked transactions and participants
involved would be probative of CL's knowledge of CBSP's terrorist
connections or would be likely to lead to admissible evidence
regarding the defendant's state of mind or what it had reason to
know.

This Court also does not agree with plaintiffs' argument
that disclosure is warranted because the defendant provided false
and misleading statements in the declaration of Joseph Virgilio
that defendant previously submitted in opposition to plaintiffs'
original motions to compel.  As noted, Mr. Virgilio did not
contradict statements in his declaration when he testified at his
deposition.[1]  Contrary to plaintiffs' claim that Mr. Virgilio
testified he had no independent recollection of his involvement
in blocking the El Wafa transaction, he only testified he had not
specific recollection whether he had called OFAC.

Although Al Shamal Bank was not on the OFAC list, unlike
Majeeb and Zia, it was identified in published reports as also
being linked to Al Qaeda, not HAMAS.  Irrespective of the nature
of the relationship that CL had with Al Shamal, whether as a
depositor or correspondent bank, how CL acted with respect to Al
Shamal in terminating the relationship is too attenuated from
what CL knew or should have known about CBSP.

Last, as noted on the record, notwithstanding denial of
plaintiffs' motion, this Court finds from reviewing plaintiffs'
request for sanctions that the defendant has not fully complied
with Judge Matsumoto's order directing CL to produce documents
that it previously provided law enforcement agencies.  Its claim
that it has already produced the pertinent documents in the

---

[1] However, this Court does find that the statement in ¶ 3 in
Mr. Virgilio's declaration that "OFAC had stated that it had
listed [Wafa Humanitarian Organization] based on a finding that
it is a Saudi charity and Pakistan-based organization involved in
funding Al Qaeda" to be somewhat misleading.  In the context of
the sentence, it suggests that Mr. Virgilio obtained the
information directly from OFAC when he, in fact, learned that
fact from information on the Treasury Department's website that
defense counsel had provided.  In any event, this Court did not
rely on this statement in making the prior ruling.

course of generally responding to other document requests is not enough. Accordingly, the defendant must specifically identify the documents that it transmitted to French law enforcement authorities regarding CBSP and prepare a privilege log as to any documents that have been withheld.

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 10, 2009

                                        /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE