# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| WASHINGTON, DC | ONE LIBERTY PLAZA | ROME |
| PARIS | NEW YORK, NY 10006-1470 | MILAN |
| BRUSSELS | (212) 225-2000 | HONG KONG |
| LONDON | FACSIMILE (212) 225-3999 | BEIJING |
| FRANKFURT | WWW.CLEARYGOTTLIEB.COM | BUENOS AIRES |
| COLOGNE | Writer's Direct Dial: +1 212 225 2840 | SÃO PAULO |
| MOSCOW | E-Mail: lfriedman@cgsh.com | ABU DHABI |
| | | SEOUL |

September 19, 2014

BY ECF

Hon. Dora L. Irizarry, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI) (MDG)
       Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI) (MDG)

Dear Judge Irizarry:

I am writing on behalf of defendant Crédit Lyonnais, S.A. ("CL") to inform the Court about the Second Circuit's decision this week in Gucci America, Inc., et al. v. Bank of China, et al., Nos. 11-3934-cv; 12-4557-cv, attached hereto as Exhibit A, a ruling that strongly supports CL's pending motion for dismissal of Plaintiffs' claims or, alternatively, summary judgment.[1] Specifically, Gucci America confirms that, contrary to two of Plaintiffs' main arguments in opposition to CL's motion, (a) CL did not waive its personal jurisdiction defense grounded in the Supreme Court's January 14, 2014 decision in Daimler AG v. Bauman, 134 S. Ct. 746 (2014), because that defense did not become available to CL until the Daimler decision was issued and CL asserted its defense promptly thereafter, and (b) CL is not subject to general personal jurisdiction under Daimler merely because it previously maintained a branch in New York.

Gucci America holds that, under Daimler, the district court lacked general jurisdiction over Bank of China ("BOC"), a foreign bank with branches in New York and elsewhere in the U.S., because it was incorporated and headquartered abroad, and because its limited forum activities – more extensive than those of CL during the relevant period – "plainly do not approach" the required level of contacts to justify the exercise of general jurisdiction outside of where it is incorporated or headquartered. See Gucci America, slip op. at 25-31.[2]

---

[1] The parties' briefs are filed in the Strauss docket, 06-cv-702 (DLI) (MDG) at ECF Nos. 369 ("CL Br."), 371 ("Pl. Br."), and 372 ("CL Reply").

[2] BOC, a nonparty, appealed from orders directing it to comply with an asset-freeze injunction and a document subpoena. See id. at 4. The Second Circuit noted that "a district court can enforce an injunction against a nonparty such as BOC only if it has personal jurisdiction over that nonparty," id. at 25 (citation omitted), and that "BOC's

Hon. Dora L. Irizarry, U.S.D.J., p.2

       *Gucci America* supports CL's pending motion, and contradicts Plaintiffs' opposition to that motion, in two respects.  <u>First</u>, it rejects the principal argument Plaintiffs make here, that CL waived its objection to personal jurisdiction by not asserting it before <u>Daimler</u>.  <u>See</u> <u>Gucci America</u>, slip op. at 29-31.  <u>Compare</u> Pl. Br. at 9-11.  The Second Circuit explicitly ruled that "[p]rior to <u>Daimler</u>, controlling precedent in this Circuit made it clear that a foreign bank with a branch in New York <u>was</u> properly subject to general personal jurisdiction here." <u>Id.</u> at 30 (emphasis in original).  The Second Circuit thus held that, because <u>Daimler</u> overruled "controlling precedent," BOC had timely raised its personal jurisdiction defense by asserting it promptly after <u>Daimler</u> was issued.  <u>See id.</u> at 29-31 (citing <u>Hawknet, Ltd. v. Overseas Shipping Agencies</u>, 590 F.3d 87, 92 (2d Cir. 2009)).  The same is true of CL's <u>Daimler</u>-based personal jurisdiction defense, which CL promptly asserted post-<u>Daimler</u>.

       This holding also necessarily rejects Plaintiffs' argument that the change in law that supports CL's personal jurisdiction defense occurred in 2011 in <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 131 S. Ct. 2846 (2011), and thus CL needed to raise its objection promptly post-<u>Goodyear</u>.  <u>See</u> Pl. Br. at 10-11.  BOC did not assert its personal jurisdiction defense at all in the District Court and after <u>Goodyear</u> had been decided, and instead it first raised that defense in the Court of Appeals following oral argument on BOC's appeal, and only after <u>Daimler</u> was decided.  <u>Gucci America</u>, slip op. at 25, 29.  The Second Circuit found that BOC had not waived its personal jurisdiction defense even though BOC had not raised that defense after <u>Goodyear</u> but before <u>Daimler</u>, <u>see id.</u> at 10-12, 29-31, as Plaintiffs contend CL needed to do here.  Thus, <u>Gucci America</u> supports the conclusion that CL properly asserted its personal jurisdiction defense by raising it after <u>Daimler</u> was decided.  <u>See</u> CL Br. at 1-5; CL Reply at 1-2.

       <u>Second</u>, <u>Gucci America</u> also holds that <u>Daimler</u> precludes the exercise of general personal jurisdiction over a bank that is incorporated and headquartered outside the U.S. even if the bank maintains a branch in the forum.  <u>See</u> slip op. at 28.  This holding defeats Plaintiffs' argument that <u>Daimler</u> does not apply, even though CL is incorporated and headquartered in France, because it previously maintained a branch in New York.  <u>See</u> Pl. Br. at 12 n.27.

       Accordingly, CL respectfully renews its request that the Court grant CL's motion.

                              Respectfully,

                              Lawrence B. Friedman

Attachment

cc:  All counsel of record

---

nonparty status does not alter the applicability" of the Supreme Court's decisions addressing general personal jurisdiction over parties, including <u>Daimler</u>, <u>see id.</u> at 26 n.13.  The Second Circuit therefore vacated the district court's orders and remanded for a determination as to whether BOC is subject to <u>specific</u> personal jurisdiction.  <u>See id.</u> at 35.  CL has demonstrated in its pending motion that it is not subject to the Court's specific jurisdiction in these cases, and that even if CL were subject to specific jurisdiction, it nonetheless would be entitled to summary judgment.  <u>See</u> CL Br. at 5-25; CL Reply at 3-10.