# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | ONE LIBERTY PLAZA | |
|---|---|---|
| WASHINGTON, DC | NEW YORK, NY 10006-1470 | ROME |
| PARIS | (212) 225-2000 | MILAN |
| BRUSSELS | FACSIMILE (212) 225-3999 | HONG KONG |
| LONDON | WWW.CLEARYGOTTLIEB.COM | BEIJING |
| FRANKFURT | Writer's Direct Dial: +1 212 225 2840 | BUENOS AIRES |
| COLOGNE | E-Mail: lfriedman@cgsh.com | SÃO PAULO |
| MOSCOW | | ABU DHABI |
| | | SEOUL |

September 24, 2014

BY ECF
Hon. Dora L. Irizarry, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI) (MDG)
Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI) (MDG)

Dear Judge Irizarry:

I am replying on behalf of defendant Crédit Lyonnais, S.A. ("CL") to Plaintiffs' September 23, 2014 response to my letter of September 19, in which I detailed the reasons why the Second Circuit Court of Appeals' Gucci America decision last week further supports granting CL's pending motion for dismissal of Plaintiffs' claims or, alternatively, summary judgment. Plaintiffs' letter relies almost entirely on an out-of-Circuit decision whose holding with respect to the law of that Circuit is inconsistent with Gucci America's holding regarding the law of the Second Circuit, and regurgitates arguments rejected by Gucci America and refuted by CL's prior showing here. As shown below, Plaintiffs' letter further confirms that CL has not waived its personal jurisdiction defense and is not subject to the Court's general jurisdiction.

Plaintiffs' "First" argument – that Gucci America is inapposite because Bank of China ("BOC") was a non-party, see Pl. Ltr. at 1-3 – is sophistry. The Second Circuit interpreted and applied Supreme Court precedent regarding general personal jurisdiction over defendants, expressly noting that "BOC's nonparty status does not alter the applicability" of those decisions, Gucci America, slip op. at 26-28. Similarly, Plaintiffs wrongly suggest that when the Second Circuit observed in a footnote that Federal Rule of Civil Procedure 12(h) was inapplicable to BOC as a nonparty, it meant that its decision would have been different if BOC had been a defendant. The Second Circuit clearly explained that "we have held that a defendant does not waive a personal jurisdiction argument – even if he does not make it in the district court – if the 'argument that the court lacked jurisdiction over [the] defendant would have been directly contrary to controlling precedent in this Circuit.'" Id. at 31 (citation omitted) (emphasis added). The court then applied this rule to the nonparty BOC – and did not, as Plaintiffs suggest, apply some different waiver rule applicable only to nonparties.[1]

---

[1] Plaintiffs' argument that CL previously raised a personal jurisdiction defense before then-Magistrate Judge Matsumoto is mistaken, as CL has shown. See CL Reply at 1 n.3. Rather, "CL merely stated that its limited contact

Plaintiffs' "Second" argument – that Goodyear, not Daimler, changed the law of general jurisdiction, and thus CL waived its general jurisdiction defense by not raising it after Goodyear but before Daimler, see Pl. Ltr. at 3 – simply ignores the Second Circuit's explicit ruling in Gucci America that, "prior to Daimler, controlling precedent in this Circuit made it clear that a foreign bank with a branch in New York was properly subject to general personal jurisdiction here." Slip op. at 30 (emphasis in original). Thus, Gucci America contradicts Plaintiffs' notion that CL could have asserted a general jurisdiction defense after Goodyear but before Daimler.[2]

Plaintiffs' "Third" argument is that, according to the Western District of Oklahoma's holding in American Fidelity, it would not have been futile for CL to argue before Daimler that general jurisdiction is lacking here. See Pl. Ltr. at 3-5. But these lawsuits are in the Eastern District of New York and the Second Circuit. Whatever the law might be in the Oklahoma federal court or in the Eighth Circuit, Gucci America controls here, and it confirms that it would have been futile for CL to raise a general jurisdictional defense before Daimler.

Plaintiffs' "Fourth" argument, that CL waived a personal jurisdiction defense by not objecting to specific jurisdiction, see Pl. Ltr. at 5, also relies on American Fidelity and also is foreclosed by Gucci America. That BOC had not challenged specific jurisdiction in the District Court did not preclude the Second Circuit from hearing BOC's defense and ruling that there was no general jurisdiction over it. Indeed, the Second Circuit wrote in Gucci America that "[i]n light of . . . pre-Daimler case law [providing for general jurisdiction over BOC], the district court had no need to consider specific jurisdiction . . . ." See slip op. at 35. The same is true here. As CL has previously shown, a party can only waive a defense that it possesses. Prior to Daimler, CL did not possess a defense under Rule 12(b)(2) of "lack of personal jurisdiction." At that time, a challenge by CL to general jurisdiction would have been futile – as Gucci America confirms – and thus CL's failure to assert that (then non-existent) defense cannot constitute a waiver. And, because Plaintiffs can no longer assert general jurisdiction in these lawsuits post-Daimler, this Court now "must give the [specific jurisdiction] issue due consideration." Gucci America, slip op. at 35. As CL has shown in its briefs, this Court cannot assert specific jurisdiction over CL, and even if it could, CL would be entitled to summary judgment.[3]

---

with the United States was relevant to deciding whether to compel CL to produce documents in violation of applicable foreign law." See id.

[2] Indeed, Goodyear was decided before one of the district court orders on appeal in Gucci America. Thus, if Plaintiffs were correct that Goodyear established the defense CL is asserting here, then the Second Circuit would have found that BOC waived the same defense by failing to raise it after Goodyear. Nor can Plaintiffs find any support in two other Second Circuit rulings in which the court noted, in passing, that Daimler "reaffirms" the holding in Goodyear. See Pl. Ltr. at 3. In neither case was the court asked to decide whether a litigant had waived a defense to general jurisdiction by not raising it after Goodyear and before Daimler. The Second Circuit's clear holding in Gucci America – that the jurisdictional defense on which BOC relied and CL now relies was not waived because it did not exist before Daimler – obviously controls here.

[3] Plaintiffs also incorrectly assert that the Second Circuit's recent decision in Weiss et al. v. National Westminster Bank, plc, No. 13-161, supports their position here "that courts can especially exercise personal jurisdiction over foreign defendants who repeatedly commit acts of international terrorism against U.S. citizens." Pl. Ltr. at 2 n.1 (emphasis in original). The quoted passage from Weiss addresses only subject matter jurisdiction, and has nothing to do with the Constitutional question of personal jurisdiction, which Congress cannot change by statute. See CL Reply at 7-8.

Hon. Dora L. Irizarry, U.S.D.J., p.3

      Plaintiffs also complain as an afterthought that they have not had "full jurisdictional discovery," including "discovery concerning CL's licensing in New York, which could independently operate as consent to jurisdiction." See Pl. Ltr. at 5. Notably, Plaintiffs do not identify any discovery they need, nor could they do so. First, Plaintiffs' own complaints allege that CL is headquartered and incorporated in France. See, e.g, Strauss Fourth Am. Compl ¶¶ 577-78. Those facts alone establish that CL is not subject to general jurisdiction under Daimler.[4] Second, while Gucci America notes that personal jurisdiction can be based on consent if an entity "has consented to personal jurisdiction in New York by applying for authorization to conduct business in New York and designating the New York Secretary of State as its agent for service of process," see slip op. at 31 n.15 (citations omitted), foreign banks such as CL, unlike foreign non-bank corporations, do not designate the New York Secretary of State as agent for service of process under the New York Business Corporation Law, and instead register with state banking authorities under Section 200 of the New York Banking Law,[5] pursuant to which they consent only to specific, not general jurisdiction.[6] See Gliklad v. Bank Hapoalim B.M., No. 155195/2014 (N.Y. Sup. Ct. Aug. 11, 2014) (holding that a foreign bank, by virtue of appointing the banking superintendent as agent for service of process under Section 200, consents only to "the exercise of specific jurisdiction, not general") (copy attached as Exhibit A).

      Finally, Plaintiffs' suggestion that it would be "waste[ful]" of judicial and party resources for the Court to now consider CL's jurisdictional defense that was timely raised after Daimler, see Pl. Ltr. at 5, is again foreclosed by Gucci America, which mooted years of proceedings because of the change in law wrought by Daimler. See slip op. at 8-12, 51. This argument is precisely backwards: it would be wasteful to continue proceedings here only for a court to later rule that jurisdiction over CL was lacking. Accordingly, the Court should grant CL's pending dismissal motion or, alternatively, grant CL summary judgment.

      Respectfully,

Lawrence B. Friedman

Attachment

cc: All counsel of record

---

[4] Plaintiffs do not identify any specific jurisdiction facts alleged in the complaints that require discovery.

[5] See Commonwealth Bank & Trust Co. v. Tioga Mills, Inc., 78 A.D.2d 953, 953 (3d Dep't 1980) ("Foreign corporations . . . that are formed for banking purposes and carry on banking business in this State are expressly excluded from the application of the Business Corporation Law, except to the extent that the Banking Law provides otherwise."); see also BCL § 103(a).

[6] See Banking Law § 200 (foreign bank wishing to open a branch in New York must appoint the superintendent, "upon whom all process in any action or proceeding against it on a cause of action arising out of a transaction with its New York agency or agencies or branch or branches, may be served with the same force and effect as if it were a domestic corporation and had been lawfully served with process within the state" (emphasis added)).