CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

Writer's Direct Dial: +1 212 225-2840
E-Mail: lfriedman@cgsh.com

LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
LEE C BUCHHEIT
JAMES M PEASLEE
THOMAS J MOLONEY
DAVID G SABEL
JONATHAN I BLACKMAN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
STEVEN G HOROWITZ
JAMES A DUNCAN
STEVEN M LOEB
CRAIG B BROD
MITCHELL A LOWENTHAL
EDWARD J ROSEN
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
HOWARD S ZELBO
DAVID E BRODSKY
ARTHUR H KOHN
RICHARD J COOPER
JEFFREY S LEWIS
PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L BROMLEY
MICHAEL A GERSTENZANG
LEWIS J LIMAN

LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
DIANA L WOLLMAN
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI, JR.
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
SUNG K KANG
LEONARD C JACOBY
SANDRA L FLOW
FRANCISCO L CESTERO
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O'REILLY
DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
ROGER A COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK

ELIZABETH LENAS
LUKE A BAREFOOT
PAMELA L MARCOGLIESE
PAUL M TIGER
JONATHAN S KOLODNER
DANIEL ILAN
MEYER H FEDIDA
ADRIAN R LEIPSIC
ELIZABETH VICENS
ADAM BRENNEMAN
ARI D MACKINNON
JAMES E LANGSTON
RESIDENT PARTNERS

SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
HUGH C CONROY, JR
KATHLEEN M EMBERGER
WALLACE L LARSON, JR.
AVRAM E LUFT
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
JOHN V HARRISON
CAROLINE F HAYDAY
DAVID FLECHNER
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

October 21, 2015

BY ECF AND HAND

Hon. Dora L. Irizarry, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Strauss, et al. v. Crédit Lyonnais, S.A., 06-cv-702 (DLI) (MDG)
           Wolf, et al. v. Crédit Lyonnais, S.A., 07-cv-914 (DLI) (MDG)

Dear Judge Irizarry:

      I am writing on behalf of defendant Crédit Lyonnais, S.A. ("CL") in response to plaintiffs' October 20, 2015 letter to the Court.

      A.  The Court should reject plaintiffs' first contention, that CL's showing that its five transfers for CBSP that contacted the United States are a mere 0.9% of all of CL's transfers for CBSP is based on an "apples-to-oranges comparison...." Pl. Ltr. at 2.

      First, the Court should note that plaintiffs finally have acknowledged that CL made only five transfers that contacted the United States and were intended for ultimate onward payment to the charities that plaintiffs accuse of funding the terrorist acts at issue. For the reasons CL has demonstrated, these five transfers are the only transfers that are relevant to the Court's specific jurisdiction analysis, and they are insufficient as a matter of law to support the assertion of specific jurisdiction over CL in these lawsuits. CL Br. at 12-14; CL Reply Br. at 3-4.

      Second, plaintiffs are mistaken when they contend that CL did not previously disclose that its 0.9% calculation is based on the ratio between the five jurisdictionally relevant transfers and the totality of CL's transfers at CBSP's request. To the contrary, CL disclosed this basis for its calculation in its initial brief and at the October 8 hearing. See CL Br. at 13-14 ("The five

Hon. Dora L. Irizarry, U.S.D.J., p.2

transfers to New York account for a mere 0.9% of CBSP's withdrawals from its CL accounts between May 1996 and September 2003, and a mere 1.8% of CBSP's withdrawals during the same period that were directed toward one of the 13 Charities."); Hr'g Tr. at 26:5-8 ("There were five transfers, and by my calculations, those five transfers constituted 0.9 percent of the total transfers that [CL] made on behalf of CBSP.").

Third, the Court should reject plaintiffs' argument that CL's five jurisdictionally relevant transfers should be measured against the number of CBSP's transfers from its CL account to the charities that plaintiffs claim to be Hamas affiliates, rather than the totality of CBSP's outbound transfers from its CL account. As Your Honor stated at oral argument, CL's forum contacts need to be assessed "under the totality of the circumstances." Hr'g Tr. at 40 ("You have to look at the quality of the contacts under the totality of the circumstances which was the test that was applied particularly in the due process prong of Licci which is what I think we really need to get at here in order to make the determination here."). Thus, to properly assess CL's five forum contacts under the "totality of the circumstances," the Court should consider the relationship between those five forum contacts and CBSP's total account activity, not the smaller subset that plaintiffs contend is actionable.

Fourth, the Court should reject plaintiffs' suggestion that CL's five jurisdictionally relevant transfers should be measured against a metric plaintiffs refer to for the first time in their letter, the "Total number of transfers CL made at CBSP's request to Islamic 'charitable entities.'" That metric is not relevant because plaintiffs' claims arise solely from transfers purportedly made to charities controlled by Hamas. Plaintiffs have never alleged, nor could they allege, that their claims arise from the provision of funds to "Islamic" charities that are not controlled by Hamas.

Fifth, even if the Court were to apply the ratios plaintiffs suggest, CL's five jurisdictionally relevant transfers would still be *de minimis*, and thus insufficient to support the assertion of specific jurisdiction over CL in these lawsuits. The five transfers constitute a mere 1.2% of the 404 transfers that plaintiffs allege CBSP made to "Islamic 'charitable entities,'" and a mere 1.8% of the 285 transfers that plaintiffs allege CBSP made to "identified Hamas Entities."

B. Plaintiffs fail to explain how the attempted transfer to the El Wafa Charitable Society that CL's New York branch blocked, and the branch's communications relating to that blocked transfer, are relevant to the Court's specific jurisdiction analysis. As a matter of law, they are not jurisdictionally relevant because plaintiffs' claims arise solely from the five transfers that CL made at the request of CBSP that contacted the United States and which plaintiffs contend were intended for charities controlled by Hamas. Plaintiffs' claims obviously do not arise from a transfer that was blocked and thus was not made to any charity, or from CL's "other contacts with New York …." Pl. Ltr. at 3. Finally, the fact that "American nationals … were injured by attacks attributable to Hamas," Pl. Ltr. at 3, also is irrelevant to the specific jurisdiction analysis, which turns on the defendant's forum contacts, not those of the plaintiffs. Walden v. Fiore, 134 S. Ct. 1115, 1125 (2014) (holding that injury to a forum resident does not confer personal jurisdiction over the defendant).

Hon. Dora L. Irizarry, U.S.D.J., p.3

                Respectfully,

                Lawrence B. Friedman

cc: All counsel